**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANTOINE L. WILKINS   :
135 P Street, NW     :
Washington, D.C. 20001   :
           :
  Plaintiff     :
           :
V.           :
           : Civil Action No._____
THE DISTRICT OF COLUMBIA :

Serve: Mayor Anthony Williams :
   One Judiciary Square   :
441 4th Street Street, NW, 10th Floor :
Washington, D.. 20001    :

  Defendant    :
_____:

**COMPLAINT FOR DAMAGES FOR VIOLATIONS AND CAUSES OF ACTION UNDER 42 U.S.C. 1983 FOR VIOLATION OF RIGHTS PROTECTED BY THE UNITED STATES CONSTITUTION OR CREATED BY FEDERAL STATUTE, PROXIMATELY CAUSED BY CONDUCT OF A ' PERSON' ACTING UNDER COLOR OF STATE LAW**

**PRELIMINARY STATEMENT**

1.  Plaintiff Antoine L. Wilkins ("Wilkins"), a former inmate at the District of

Columbia Central Detention Facility in Washington, D.C., brings this action against the District of

Columbia ("the District") for monetary damages to redress his injuries resulting from defendants'

deliberate indifference and negligence. Wilkins brings this action under the Eighth Amendment of

the United States Constitution and the Civil Rights Act of 1871, as codified at 42. U.S.C. 1983, for

injuries suffered as a result of defendants' substantial and deliberate indifference to his health and

safety. Wilkins also states a claim against defendant for breach of duties imposed upon them by

D.C. Code § 24-211.02 and for duties imposed upon them by the common law.his is a civil

litigation action seeking damages against defendants for committing acts under color of law, and depriving the plaintiff of rights secured by the Constitution and laws of the United States of America (42 U.S.C. Section 1983). Defendants, District of Columbia and D.C. Department of Corrections officials, management and employees were negligent by, without limiting other acts and behaviors; failing to follow its established safety procedures; failing to protect plaintiff from harm; failing to provide necessary and appropriate security measures; and, failing to provide necessary and appropriate personnel necessary for the safety, welfare and protection of Antoine L. Wilkins, an inmate at the District of Columbia Central Detention Facility in Washington, D.C . Defendants deprived plaintiff, Antoine L. Wilkins., of his liberty, and injured him, all without due process of law, thereby depriving plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Eight and Fourteenth Amendments to the Constitution of the United States.

2.      Defendant, District of Columbia, Department of Corrections officials, management and employees violated plaintiff's constitutional rights and were negligent by, without limiting other acts and behaviors; breach of its duty of care to Wilkins by negligently: {1} allowing prisoners access to items easily converted to weapons; (2) failing properly to screen and segregate inmates known to have acted violently in the past; {3} failing to provide sufficient staff at the unit where Wilkins was housed; (4) failing to follow its established safety procedures; (5) failing to provide necessary and appropriate security measures; (6) failing to develop and implement a classification system and corresponding housing plan for inmates at the Central Detention Facility; and, (7) failing to provide necessary and appropriate personnel necessary for the safety, welfare and protection of Antoine L. Wilkins. Antoine L. Wilkins, suffered physical and emotional injuries, emotional distress and deprivation of his constitutional rights.

**JURISDICTION AND VENUE**

3.       This action is filed under the Eighth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983, under D.C. Code § 24-211.02. and under common law, to redress injuries suffered by Wilkins at the hands of defendant.

4.        By letter dated July 19, 2005, Pursuant to D.C. Code Section 12-309, the District of Columbia Government, through its Mayor, was sent a Notice of Claim regarding plaintiffs claim. The claim stated the time, place, cause, nature and extent of the plaintiffs. Police or other reports related to the incident have been filed.

5.       This Court has jurisdiction over the federal civil rights claim pursuant to 28 U.S.C. § 1331 and 1343. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

6.       At all times hereto, plaintiff, Antoine Wilkins, was an inmate at the District of Columbia Jail operated by the District of Columbia Department of Corrections.

7.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) and (c).

**PARTIES**

8.       Plaintiff Antoine L. Wilkins is an individual residing in the District of Columbia. At all times relevant to this complaint, Wilkins was an inmate at the Central Detention Facility, 1901 D Street, S.E., Washington, D.C. 20003.

9.       Defendant District of Columbia is a municipal corporation that acts through individuals to establish its policies and that is capable of being sued under DC. Code § 1-102. The District of Columbia is responsible for supervising and operating the District of Columbia Department of Corrections("DCDC) and ensuring the health and safety of all inmates incarcerated in DCDC facilities.

**FACTUAL ALLEGATIONS**

10.      Antoine L. Wilkins ("Wilkins"), age 33, at all relevant times herein, was an inmate at the District of Columbia Jail, under the care, custody and supervision of the District of Columbia, Department of Corrections (DCDC Number: 299115).

11.      On or about June 1, 2005, Wilkins was remanded to the custody of the DCDC pursuant to a Bench warrant stemming from failure to appear in Superior Court.

12.      On or about June 14, 2005, Antoine L. Wilkins, an inmate at the District of Columbia Central Detention Facility in Washington, D.C, was viciously attacked and stabbed nine times by inmate George Foreman ("Foreman") in the Central Detention Facility.

13.      D.C. Department of Corrections officials, management and employees violated plaintiff's constitutional rights and were negligent by, without limiting other acts and behaviors; breach of its duty of care to Wilkins by negligently: {1} allowing prisoners access to items easily converted to weapons; (2) failing properly to screen and segregate inmates known to have acted violently in the past; {3} failing to provide sufficient staff at the unit where Wilkins was housed; (4) failing to follow its established safety procedures; (5) failing to provide necessary and appropriate security measures; (6) failing to develop and implement a classification system and corresponding housing plan for inmates at the Central Detention Facility; and, (7) failing to provide necessary and appropriate personnel necessary for the safety, welfare and protection of inmate Antoine L. Wilkins.

14.      After initial emergency treatment in the prison infirmary, Wilkins was transferred to Howard University Hospital were he required over 30 stitches to his back and shoulder.

15.      Following an investigation by the Special Investigative Services unit of the prison, inmate George P. Foreman, was charged with armed assault with intent to kill.

16.    Plaintiff was severely wounded, incurred substantial medical bill and endured much pain and suffering.

.                          **COUNT I**

( District of Columbia  breach of its duty of care by negligently allowing prisoners access to lethal weapons;  failure to follow its established safety procedures)

17.    Plaintiff re-alleges paragraphs 1 through 16 of this Complaint and further states that:

18.    The Department of Corrections under the general direction and supervision of the Mayor of the District of Columbia is responsible for the safekeeping, care, protection, instruction, and discipline of all persons committed to such institutions. The Department of Corrections promulgate rules and regulations for the government of such institutions  to classify the inmates, and to provide for their proper care.

19.    On or about June 14, 2005, Antoine L. Wilkins,  an  inmate at the District of Columbia Central Detention Facility in Washington, D.C,  was viciously attacked and stabbed with a knife by another prisoner,   George Foreman,  in the Central Detention Facility. Plaintiff issued a pass to visit the Mental Health unit.  As he approached the Sally Port to exit the unit he observed Foreman in the hallway. Foreman opened a closet and went inside and closed the door.  Foreman acquired a knife from the closet. Foreman passed Wilkins and walked out of the unit without being searched. Foreman followed Wilkins into the stairwell where he viciously attacked and stabbed Wilkins nine times in the back with the knife he acquired from the closet.

20.    Based upon information and belief, Foreman was in the custody of the DCDC pursuant to a murder conviction in the DC Superior Court. Based upon information and belief, Foreman was housed in the Southwest One unit, reserved for offenders of non-violent crimes.

21.     That the stabbing of the Wilkins in the back by Foreman was caused by  failure of the

District of Columbia to follow its established safety procedures protect the plaintiff in violation of the laws

of the Constitution and procedures governing the operation of the D.C. Police Department of Corrections.

22.     As a result of the stabbing, Wilkins suffered serious physical and emotional injury and

damages.

23.     The jail has had numerous stabbing by inmates since 2002.. In 2002, two inmates were

stabbed to death in less than a week. Also that year, the jail emerged from a 17-year-old, court-ordered limit

of 1,670 inmates. The number of inmates immediately increased to more than 2,000.

24.     D.C. Department of Corrections officials, management and employees violated plaintiff's

constitutional rights and were negligent by,  without limiting other acts and behaviors; breach of its duty of

care to Wilkins by negligently: {1} allowing prisoners access to weapons; (2) failing properly to screen and

segregate inmates known to have acted violently in the past; {3} failing to provide sufficient staff at the unit

where Wilkins was housed; (4)  failing to follow its established safety procedures; (5) failing to provide

necessary and appropriate security measures;  (6)  failing to develop and implement a classification system

and corresponding housing plan for inmates at the Central Detention Facility;

## COUNT II

**(**District of Columbia  breach of its duty of care by negligent "Deliberate Indifference" to
the Health or Safety of the Plaintiff**)**

25.     Plaintiff re-allege paragraphs 1 through 24 of this Complaint and further states that:

26.     The prison official acted with "deliberate indifference" to the plaintiff's health or safety

27.     That prison official s knew that housing violent offenders with non-violent offenders was

dangerous and failed to take action to protect non-violent inmates from harm. Their failure to take

appropriate action resulted in harm to the plaintiff.

28.    D.C. Department of Corrections officials, management and employees violated

plaintiff's constitutional rights and were negligent by,  without limiting other acts and behaviors; breach

of its duty of care to Wilkins by negligently: {1} allowing prisoners access to items easily converted to

weapons; (2) failing properly to screen and segregate inmates known to have acted violently in the past;

{3} failing to provide sufficient staff at the unit where Wilkins was housed; (4)  failing to follow its

established safety procedures; (5) failing to provide necessary and appropriate security measures;  (6)

failing to develop and implement a classification system and corresponding housing plan for inmates at

the Central Detention Facility.

29.    Shortly after the attack by Foreman, another inmate approached Wilkins with a note

directing that he, "don't say who attacked him, or else."  Fearing for his safety,  Wilkins, requested  D.C.

Department of Corrections officials to place him in protective custody.   D.C. Department of Corrections

officials refused Wilkins' request for protection, causing him to  suffered severe emotional distress.

## COUNT III

( District of Columbia  breach of its duty of care by negligent failure to provide
sufficient staff at the unit where Wilkins was housed; and, (2)  failure to provide
necessary and appropriate security measures)

30.    Plaintiff re-allege paragraphs 1 through 29 of this Complaint and further states that:

31.    That the stabbing of the plaintiff in the back by  inmate Foreman was caused by a

failure of the District of Columbia to  provide necessary and appropriate personnel necessary for the

safety, welfare and protection of Antoine L. Wilkins in violation of the laws of the Constitution and

procedures governing the operation of the D.C. Police Department of Corrections.

32.     The jail has had numerous stabbing by inmates since 2002.. In 2002, two inmates were stabbed to death in less than a week. Also that year, the jail emerged from a 17-year-old, court-ordered limit of 1,670 inmates. The number of inmates immediately increased to more than 2,000.

33.     D.C. Department of Corrections officials, management and employees violated plaintiff's constitutional rights and were negligent by,  without limiting other acts and behaviors; breach of its duty of care to Wilkins by negligently: {1} allowing prisoners access to weapons; (2) failing properly to screen and segregate inmates known to have acted violently in the past; {3} failing to provide sufficient staff at the unit where Wilkins was housed; (4)  failing to follow its established safety procedures; (5) failing to provide necessary and appropriate security measures;  (6)  failing to develop and implement a classification system and corresponding housing plan for inmates at the Central Detention Facility.

34.    As a result of the stabbing on the part of inmate Foreman,  plaintiff suffered serious physical and emotional damages.

## COUNT IV

(Emotional distress against  District of Columbia)

35.     Plaintiff re-allege paragraphs 1 through 34 of this Complaint and further states that:

36.     As a result the stabbing by George Foreman, Plaintiff was caused to suffer serious physical and emotional damages.

**WHEREFORE**, Antoine Wilkins demands judgment against Defendant  District of Columbia

as follows:

a)      On Count I, against defendant,  District of Columbia, judgment for compensatory damages in

the amount of ONE MILLION DOLLARS ($1,000,000) and for punitive damages in the

amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000);

b)      On Count II, judgment for compensatory damages in the amount of ONE MILLION

($1 ,000,000), and for punitive damages in the amount of FIVE HUNDRED THOUSAND

DOLLARS ($500,000); against defendant;

c)      On Count III, judgment for compensatory damages in the amount of ONE MILLION

($1 ,000,000), and for punitive damages in the amount of FIVE HUNDRED THOUSAND

DOLLARS ($500,000);  against defendant; and,

d)      On Count IV for emotional distress against the municipality, judgment for compensatory

damages in the amount of ONE MILLION ($1 ,000,000), and for punitive damages in the

amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000); against defendant.

Date:    March 2, 2006

## JURY TRIAL

Plaintiff hereby demands a jury trial on each and every count.


_____

Antoine L. Wilkins

Respectfully submitted
By counsel:


_____

Lawrence B. Manley, Esq.
Bar No.: 379702
2026 32nd Street, SE
Washington, D.C. 20020
202- 582-1935