IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTOINE L. WILKINS,<br>    Plaintiff, | : | |
| v. | : | No. 06-CV-384 (HHK) |
| THE DISTRICT OF COLUMBIA,<br>    Defendant. | : | |

### OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

The District of Columbia, defendant, submits this memorandum of points and authorities in opposition to Plaintiff's motion for default judgment. In sum, this Court must deny Plaintiff's motion because Plaintiff has failed to properly serve both the Mayor and the Attorney General for the District of Columbia. Accordingly, the District has not failed to answer the complaint. Plaintiff's motion lacks merit.

**Brief Procedural History**

Plaintiff filed his complaint in this Court on or about March 3, 2006. Docket No. 1. Summons and complaint were issued on this same date.

On or about March 20, 2006, Plaintiff purportedly served the District of Columbia by delivering a copy of the summons and complaint on the Attorney General of the District of Columbia by certified mail. The person who signed for the certified mail was "J. Bowlding," an employee who works in the ground floor mail room of 1 Judiciary Square. See Docket No. 2. There is no record evidence that Plaintiff served the Mayor of the District of Columbia.

Now, Plaintiff has filed a motion with this Court requesting the entry of default judgment against the District because he believes that the District has failed to answer his complaint after proper service**.**

**Argument**

**1.     Service on the District of Columbia by Mail**

It is well established in this jurisdiction that service of process on the District of Columbia is valid if mail is signed for by an employee who is specifically designated to receive service of process.  *Eldridge v. District of Columbia*, 866 A.2d 786, 787-88 (D.C. 2004); *Byrd v. District of Columbia*, 230 F.R.D. 56, 58-69 (D.D.C. 2005).  Fed. R.Civ. P. 4 (j)(2) provides that service "upon a state, municipal corporation or other governmental organization" shall be effected by delivering a copy of the summon and complaint to the chief executive officer [here, the Mayor of the District of Columbia], or "by serving the summon and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant."  In light of this Rule, this Court relies on Super. Ct. Civ. R. 4 (j)(1) for determining proper service on the District of Columbia.  This Rule provides, in part, that [s]ervice shall be made upon the District of Columbia by delivering … or mailing … a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) **and** the Corporation Counsel [now the Attorney General] of the District of Columbia (or designee).   The Mayor has designated the Secretary of the District of Columbia as his agent to receive legal mail.  The Secretary has designated Tabatha Braxton and Gladys Herring as employees authorized to receive legal mail for the Mayor.  The Attorney General has designated Darlene Fields, Tonia Robinson and Gale Rivers as designees to receive legal

2

mail for the Office of Attorney General. *See, e,g, Tafler v. District of Columbia,* 2006 U.S. Dist. LEXIS 81714 * 15 n. 2 (D.D.C. Nov. 8, 2006) (Friedman, J.).

**2.  Discussion**

In this case, Plaintiff served his summon and complaint on J. Bowlding, an individual who works in the Postal Division of the District of Columbia Government in 1 Judiciary Square, one of several buildings where the Office of Attorney General houses its large legal staff. Plaintiff did not serve his summon and complaint on anyone who is authorized or designated to receive service of process in the Office of Attorney General. Accordingly, Plaintiff has not properly served the Office of Attorney General in that his legal documents were not received by either Ms. Fields, Ms. Robinson or Ms. Rivers in the Office of Attorney General. *Tafler, supra.*

Moreover, service of process on the District has been improper to date because Plaintiff has not served both the Mayor <u>and</u> the Attorney General for the District of Columbia**.** See Super. Ct. Civ. R. (j)(1) (service shall be made upon the District of Columbia by … mailing … a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) **and** the Corporation Counsel [now the Attorney General] of the District of Columbia (or designee). In this case, there is no record evidence that Plaintiff has even attempted to serve the Mayor.

Because Plaintiff has failed to show that his summons and complaint were received by individuals designated to receive legal correspondences on behalf of the Mayor **and** the Office of Attorney General, his motion must be denied as a matter of law. In addition, his complaint should be dismissed without prejudice on grounds

3

that he has failed to properly serve his complaint within the 120 day timeframe established by the Federal Rules.  Fed. R. Civ. P. 4(m).

## CONCLUSION

The motion should be denied in its entirely.  In addition, the complaint should be dismissed without prejudice for failing to properly effectuate service within 120 days of its filing.

_____
Phillip A. Lattimore III
Chief, General Litigation Section III
Civil Litigation Division
Office of Attorney General
441 4th Street, N.W., Suite 6S065
1 Judiciary Square
Washington, D.C. 20001
(202) 727-6295