IN THE UNITED STATES DSITRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE WILKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 06-384 |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

THE DEFENDANT DISTRICT OF COLUMBIA'S ANSWER
TO PLAINTIFF'S COMPLAINT

Defendant District of Columbia, by and through counsel, herein files its Answer

to plaintiff's Complaint, and states as follows:

First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

Second Defense

The defendant District of Columbia ("District") hereby responds to the numbered

paragraphs of plaintiff's second amended complaint ("complaint") as follows:

Preliminary Statement

1.      The defendant District of Columbia ("District") admits that plaintiff,

Antoine Wilkins, is a former inmate of the District of Columbia Detention Facility.  The

remaining allegations in plaintiff's Complaint state the legal conclusions of the pleader to

which no response is required. To the extent any response is required, the District denies

the allegations.

2.      The District denies the allegations as stated in ¶ 2 of the complaint.

Jurisdiction and Venue

3.      The allegations as stated in ¶ 3 of the complaint state the legal conclusions of the pleader to which no response is required. To the extent any response is required, this defendant denies the allegations.

4.      This defendant admits that plaintiff forwarded a letter to the Mayor. Further responding, the allegations as stated in ¶ 4 are the legal conclusions of the pleader to which no response is required.

5.      The District acknowledges the existence of the statutes as cited by plaintiff in ¶ 5 of the complaint, but denies that jurisdiction is necessarily conferred thereby.

6.      The District admits the allegations as stated in ¶ 6 of the complaint.

7.      The District acknowledges the existence of the statutes as cited by plaintiff in ¶ 7 of the complaint, but denies that jurisdiction is necessarily conferred thereby.

Parties

8.      The District admits the allegations as stated in ¶ 8 that plaintiff was an inmate in the Central Detention Facility, but is without sufficient information to either admit or deny that plaintiff resides in the District of Columbia. To the extent any response is required, the District denies the allegations.

9.      The District admits that it is a municipality.  Further answering, the remaining allegations as stated in ¶ 9 of the complaint states the legal conclusions of the pleader to which no response is required.

Factual Allegations

10-11.  The District admits the allegations as stated in ¶¶ 10 and 11 of the complaint.

12.     The District is without sufficient information to either admit or deny the allegations as stated in ¶ 12 of the complaint. To the extent any response is required, the District denies the allegations.

13.     The District denies the allegations as stated in ¶ 13 of the complaint.

14-16.  The District is without sufficient information to either admit or deny the allegations as stated in ¶¶ 14 through 16 of the complaint. To the extent any response is required, the District denies the allegations.

Count I

(District of Columbia breach of its duty of care by negligently allowing prisoners access to lethal weapons; failure to follow its established safety procedures)

17.     The District hereby incorporates its responses to ¶¶ 1 through 17 by reference herein.

18.     The District allegations as stated in ¶ 18 of the complaint are the legal conclusions of the pleader to which no response is required.

19-20.  The District is without sufficient information to either admit o deny the allegations as stated in ¶¶ 19 and 20 of the complaint, to the extent any response is required, this defendant denies the allegations.

21.     The District denies the allegations as stated in ¶ 21 of the complaint.

22.     The District is without sufficient information to either admit or deny the allegations as stated in ¶ 22 of the complaint. To the extent any response is required, the District denies the allegations.

23.     The District admits that two inmates were stabbed to death in 2002. Further answering, the District admits that the Court set a limit of 1,670 inmates during a

17-year period, but that limit was lifted.  The remaining allegations as stated in ¶ 23 of

the complaint are the conclusions of the pleader to which no response is required.

      24.      The District denies the allegations as stated in ¶ 24 of the complaint.

## Count II

(District of Columbia breach of its duty of care by negligent "Deliberate Indifference" to
The Health or Safety of Plaintiff)

      25.      The District hereby incorporates its responses to ¶¶ 1 through 24 by

reference herein.

      26-29.  The District denies the allegations as stated in ¶¶ 26 through 29 of the

complaint.

## Count III

(District of Columbia breach of its duty of care by negligent failure to provided sufficient
staff at the unit where Wilkins was housed; and failure to provide
necessary security measures)

      30.      The District hereby incorporates its responses to ¶¶ 1 through 29 by

reference herein.

      31.      The District denies the allegations as stated in ¶ 31 of the complaint.

      32.      The District admits that two inmates were stabbed to death in 2002.

Further answering, the District admits that the Court set a limit of 1,670 inmates during a

17-year period, but that limit was lifted.  The remaining allegations as stated in ¶ 32 of

the complaint are the conclusions of the pleader to which no response is required.

      33.      The District denies the allegations as contained in ¶ 33 of the complaint.

      34.      The District is without sufficient information to either admit or deny the

allegations as stated in ¶ 34 of the complaint. To the extent any response is required, the

District denies the allegations.

Count IV

(Emotional Distress Against the District of Columbia)

35.     The District hereby incorporates its responses to ¶¶ 1 through 34 by reference herein.

36.     The District is without sufficient information to either admit or deny the allegations as stated in ¶ 36 of the complaint. To the extent any response is required, the District denies the allegations.

Further responding, the District hereby denies any and all allegations of wrongdoing, and further denies any allegations not specifically admitted or otherwise answered.

THIRD DEFENSE

The actions of the defendant, by and through its agents/or employees, were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

FOURTH DEFENSE

The actions of the defendant, by and through its agents and/or employees, were taken in good faith and with a reasonable belief in their lawfulness.

FIFTH DEFENSE

The actions of the defendant, by and through its agents and/or employees, complied with all applicable laws and met or exceeded all applicable standards of care.

SIXTH DEFENSE

If plaintiff was injured as alleged in the Complaint, such injuries were the result of the criminal acts of third persons and not the Defendant, its employees or agents.

## SEVENTH DEFENSE

If plaintiff was injured as alleged in the Complaint, such injuries were the result of his sole or contributory negligence and/or assumption of the risk.

## EIGHTH DEFENSE

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

## NINTH DEFENSE

Plaintiff may have failed to comply with the requirements of D.C. Official Code § 12-309.

## TENTH DEFENSE

Plaintiff's action may be barred by limited or absolute immunity and/or discretionary function immunity.

## ELEVENTH DEFENSE

Plaintiff will be unable to maintain a cause of action based on the deliberate indifference of the District and/or its agents.

## SET OFF

The District claims a set off for any public funds, including Medicaid, it expended on or on behalf of the plaintiff.

## JURY DEMAND

This District demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, this defendant requests that plaintiff's complaint be dismissed with prejudice, with costs awarded. FURTHER, this defendant reserves the right to amend this answer pursuant to SCR-Civil 15.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division


_____
PATRICIA A. JONES #428132
Chief, General Litigation Section IV
Civil Litigation Division


_____
GEORGE E. RICKMAN #433298
Assistant Attorney General, D.C.
General Litigation Section IV
Civil Litigation Division
441 Fourth Street, Sixth Floor South
Washington, D.C.  20001
202-442-9840; 202-727-6295