DRAFT – 5/3/2007

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE WILKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-384 |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Plaintiff Antoine Wilkins and Defendant the District of Columbia ("District") hereby submit their Joint Meet and Confer Report pursuant to Federal Rule of Civil Procedure 26(f) and United States District Court for the District of Columbia Local Civil Rule 16.3. Counsel for the parties conferred and discussed the matters addressed in Local Civil Rule 16.3, which are set forth in this Report.

**I.   Statement of the Case**

Plaintiff's Version:

**Defendants' Statement of the Case**

**O**n June ___, 2004, the time of the alleged stabbing, the District of Columbia met or exceeded all applicable standards of care thereby precluding any liability for alleged events. The facility had implemented and operated an inmate classification system that accounted for and segregated those violent persons from other inmates whose classification did not require a higher security measures. Further, the jail maintained adequate staffing in all units of the facility, thereby further ensuring that all applicable standards were met. All safety procedures and

protocols were followed, including but not limited to those procedures governing the movement of inmates in the facility, searches of inmates and units, and contraband control along with sufficient monitoring of the facility.

## II.     Rule 16.3(c) Matters

**1. Dispositive Motions.**  Plaintiff does not believe this case is likely to be decided either in whole or in part by dispositive motions.  No dispositive motions are currently pending.  Defendants believe that this matter can be disposed of by dispositive motion.

**2. Pleading Amendments and Party Additions.**  Plaintiff does not anticipate amending the complaint at this time, but reserves the right to amend.  The parties do not believe that the factual and legal issues can be agreed upon or further narrowed at this time.

**3. Magistrate Judge.**  The parties do not consent to have the case assigned to a magistrate judge for all purposes. The District , however, consents to referring the case to a magistrate for mediation and possible settlement.

**4. Settlement.**  The parties have not discussed settlement, but plaintiff will make a demand as soon as practicable.

**5. Alternative Dispute Resolution**.  The parties do not believe the case would benefit from alternative dispute resolution procedures at this time.  However, the District reserves it right to request that this Court refer this matter to its ADR program for possible resolution after either the close of discovery or a decision on any dispositive motion.

**6. Summary Judgment or Motion to Dismiss.**  Plaintiff does not believe that this case or any part of it can be resolved by summary judgment or on a motion to dismiss.

The defendant District of Columbia reserves the right to file dispositive motions, in whole or in part, at any time during the litigation. However, the parties agree that post-discovery

2

motions, including dispositive motions, should be filed no later than November 30, 2007; responses by December 14, 2007; and replies by December 21, 2007.

**7. Initial Disclosures Under Rule 26(a)(1).** The parties agree to dispense with initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l).

**8. Extent of Discovery.** The parties agree that all discovery should be completed by October 31, 2007. Plaintiff requests that the Court permit up to 25 interrogatories to be served on each party and 5 fact-witness depositions to be taken by each side, with the understanding that any party may seek leave of the Court to take additional discovery. Plaintiff requests, per Federal Rule of Civil Procedure 34, that document requests not be limited in number.

District defendants believe that each side should be limited to twenty-five interrogatories, twenty-five document requests and five fact depositions, each deposition shall be limited to seven (7) hours but not to exceed one (1) day. .

**9. Exchange of Expert Witness Reports and Information.** The parties believe that Plaintiff's expert report(s) should be due on August 31, 2007; Defendant's expert report(s) should be due on September 31, 2007.

**10. Class Actions.** Not applicable.

**11. Bifurcation and Phases.** Plaintiff does not believe bifurcation is appropriate. The District defendants reserve its right to seek bifurcation.

**12. Pretrial Conference Date.** The parties agree that a pretrial conference should be scheduled to occur approximately 15 days after the Court has ruled on post-discovery dispositive motions.

DRAFT – 5/3/2007

**13. Trial Date.** The parties agree that the Court should set a date at the pretrial conference for the trial to begin between 30 and 60 days after the pretrial conference.

**14. Other Scheduling Matters.** The parties have no further scheduling matters to present at this time.

### III. Rule 16.3(d)

Pursuant to Local Civil Rule 16.3(d), the parties submit a proposed Scheduling Order. Respectfully submitted,

D<small>RAFT</small> – 5/3/2007

LINDA SINGER
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division


_____/s/_____
PHILLIP A. LATTIMORE III [#422968]
Chief, General Litigation Section III


_____/s/_____
GEORGE E. RICKMAN (D.C. Bar 433298)
Assistant Attorney General, D.C.
General Litigation Sec. IV
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
Telephone:  (202) 442-9840; (202) 727-6295
Facsimile:  (202) 727-3625

*Counsel for Defendants*

5