THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ANTOINE WILKINS, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | Civil Action No: 06-384 (HHK) |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| GOVERNMENT, ) | |
| ) | |
|     **Defendant.** ) | |
| _____ ) | |

## DEFENDANTS' MOTION TO REOPEN DISCOVERY AND SCHEDULE DISPOSITIVE MOTION DEADLINE AND MOTION FOR LEAVE TO TAKE PLAINTIFF'S DEPOSITION

    Defendant District of Columbia, by and through counsel, herein moves the Court pursuant to Fed. R. Civ. P. 6(b)(2) to reopen discovery, to allow it to: (1) serve discovery and respond to Plaintiff's discovery, (2) take depositions of plaintiff, his experts and any other necessary fact witnesses, and (3) file a dispositive motion, if warranted by the facts adduced during discovery and case law.  Discovery in this case closed on December 17, 2007, but no party has taken discovery in this matter.  Pursuant to Fed. R. Civ. P. 30(a)(2)(B), the District also seeks leave to take plaintiff's deposition, who has been released to a halfway house.  Support for the requested relief is detailed in the attached memorandum of points and authorities in support of the motion.

                                                Respectfully submitted,

                                                PETER J. NICKLES
                                                Interim Attorney General for the District of Columbia

                                                GEORGE C. VALENTINE
                                                Deputy Attorney General
                                                Civil Litigation Division

      /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Section IV

      /s/ C. Vaughn Adams
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 4th Street, N.W., 6S-066
Washington, D.C. 20001
(202) 724-6519; (202)727-6295
(202) 727-3625 (fax)
corliss.adams@dc.gov

## 7(m) CERTIFICATION

On January 29, 2008, undersigned counsel contacted plaintiff regarding the relief herein sought. Undersigned counsel was unable to speak with plaintiff's counsel. Therefore, this motion should be treated as contested.

      /s/ C. Vaughn Adams
C. VAUGHN ADAMS [449770]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **ANTOINE WILKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No: 06-384 (HHK) |
| | ) |
| **DISTRICT OF COLUMBIA** | ) |
| **GOVERNMENT,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO REOPEN DISCOVERY AND SCHEDULE DISPOSITIVE MOTION DEADLINE, AND MOTION FOR LEAVE TO TAKE PLAINTIFF'S DEPOSITION

In support of its motion, defendant District of Columbia states the following:

1. This case involves plaintiff's claims against the District of Columbia for alleged violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff Antoine Wilkins alleges that while in the custody of the District of Columbia, he was stabbed 9 times by another inmate by the name of George Foreman. See Pls.' Amended Complaint, at Para. 12.

2. This matter was originally assigned to an attorney who left the Office of the Attorney General on or about November 9, 2007. Several other attorneys have left the office and their cases have also had to be reassigned. Undersigned counsel began work with the Office of the Attorney General on November 13, 2007, and was assigned to enter his appearance in a trial in the case *Shante Moore v. D.C., et al.*, C.A. No. 05-2020, scheduled for trial on November 15, 2007, in the United States District Court for the District of Columbia. The trial was continued to November 19, 2007, but ultimately settled. Undersigned counsel has had to handle many other emergency matters, including representing complex litigation in federal court, *see Beale, et al. v.*

3

*D.C.,* C.A. No. 04-959, and *Gaither v. D.C.,* C.A. No. 03-1458, and has had to identify, prep and produce 30(b)(6) witnesses within four (4) business days. See *Myrdal v. D.C., et al.,* C.A. No. 05-2351, in which the Court, on December 13, 2007, Ordered the District to produce its 30(b)(6) witnesses for deposition by December 19, 2007. See December 13, 2007, Minute Entry, and Motion, at Docket #72.

3.   Discovery in this case closed on December 17, 2007. See November 7, 2007, Minute Order. Unfortunately, little or no discovery has been conducted in this matter. Plaintiff has served discovery, but no depositions have been taken, including plaintiff who upon information and belief is still incarcerated.

4.   On January 24, 2008, undersigned counsel received Plaintiff's discovery requests that he represents he sent to the District in August 2007. This defendant needs additional time to not only respond to the discovery, but to engage in active discovery in this matter.

5.   Fed. R. Civ. P. 6(b) provides that,

> "[w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done within a specified time, the court… may in its discretion…(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect…."

6.   Fed. R. Civ. P. 6(b) specifically confers upon the Court the "discretion" relevant to late filings. *See Lujan v. National Wildlife Federation,* 497 U.S. 871, 896 n. 5 (1990). *See also*, *Gwendolyn Smith v. D.C.,* 430 F.3d 450 (D.C. Cir. 2005), confirming the Court's discretion to order the requested relief. The *Smith* Court recognized that it has been quite deferential to Rule 6(b) decisions in the past, even affirming a deadline extension that was granted without a formal finding of excusable neglect when the court found no prejudice to the other party. *See*

4

*Yesudian ex rel. United States v. Howard Univ.,* 348 U.S. App. D.C. 145, 207 F.3d 969, 917 (D.C. Cir. 2001).

7. The defendant's failure to move more timely to enlarge discovery before the discovery close date was due to excusable neglect. Because of personnel changes and the shortage of staff attorneys because of attrition, and the workload of undersigned counsel, the requested relief could not be more timely made.

8. The defendant's failure to act more timely was not based on bad faith, a factor which this Court must consider in making its determination regarding the herein requested relief. Moreover, a trial date has not yet been scheduled, and plaintiff will not be unduly prejudiced. *See Smith,* 430 F.3d 456, fn.5.

9. The defendant requests that the following schedule govern the remainder of this litigation:

>Defendant's Responses to Plaintiff's Discovery Requests Due – February 25, 2008
>
>Status Conference – March 4, 2008 (already scheduled)
>
>Discovery Close Date For the Completion of All Depositions, including Experts, And Written Discovery  – March 14, 2008
>
>Deadline for filing Dispositve Motions – March 28, 2008
>
>Oppositions – April 28, 2008
>
>Replies – May 12, 2008

10. Fed. R. Civ. P. 30(a)(2)(B) provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2), … if the deponent is confined in prison. Upon information and belief, on or about November 14, 2006, plaintiff was released from prison to a halfway house. This defendant does not know the current whereabouts

5

of plaintiff.  Therefore, out of an abundance of caution, the District seeks leave to depose plaintiff in accordance with Rule 30.

    For all the reasons set forth above, the District requests this Court to grant its motion to reopen discovery, to amend the remaining dates set forth in the scheduling order, and to grant it leave to depose plaintiff.

                                Respectfully submitted,

                                PETER J. NICKLES
                                Interim Attorney General for the District of Columbia

                                GEORGE C. VALENTINE
                                Deputy Attorney General
                                Civil Litigation Division


                                __/s/ Patricia A. Jones_____
                                PATRICIA A. JONES [428132]
                                Chief, General Litigation Section IV

                                __/s/ C. Vaughn Adams_____
                                C. VAUGHN ADAMS [449770]
                                Assistant Attorney General
                                441 4th Street, N.W., 6S-066
                                Washington, D.C. 20001
                                (202) 724-6519; (202)727-6295
                                (202) 727-3625 (fax)
                                corliss.adams@dc.gov

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ANTOINE WILKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No: 06-384 (HHK) |
| | ) |
| DISTRICT OF COLUMBIA GOVERNMENT, | ) |
| | ) |
| Defendant. | ) |

ORDER

Upon consideration of defendants District of Columbia's Motion to Reopen Discovery and Schedule Dispositive Motions, and Motion for Leave to take Plaintiff's Deposition, plaintiff's opposition thereto, if any, and the record herein, it is this ___ day of _____, 2008, hereby,

ORDERED: that the defendant's motion is hereby granted for the reasons set forth therein; and it is,

FURTHER ORDERED: that the following schedule shall govern the remainder of this litigation:

Defendant's Responses to Plaintiff's Discovery Requests Due – February 25, 2008

Status Conference – March 4, 2008 (already scheduled)

Discovery Close Date For the Completion of All Depositions, including Experts, and Written Discovery – March 14, 2008

Deadline for filing Dispositve Motions – March 28, 2008

Oppositions – April 28, 2008

Replies – May 12, 2008

and it is,

       FURTHER ORDERED:  that the District is granted leave to depose plaintiff, and it is,

       FURTHER ORDERED:  that there shall be no more extensions of discovery absent exigent circumstances.

                                                        _____
                                                        Judge